## In re BURNS BROS.

### ·No. 62409.

District Court, S. D. New York.
April 20, 1943.

I. Gainsburg, of New York City (Samuel Gottlieb, of New York City, of counsel), for Ida C. Beyers, Rose Brown, and Anna Grande Braunwarth.

White & Case, of New York City (Adrian D. Stevenson, of New York City, of counsel), for defendant.

HULBERT, District Judge.

On March 29, 1943, an order was made by this court requiring Ida C. Beyers, Rose Brown and Anna Grande Braunwarth to show cause why they should not be punished for contempt of court for having instituted an action in the Supreme Court of the State of New York, County of New York, based on a cause of action alleged to have arisen prior to, and to have been discharged and perpetually enjoined by, the final order in this proceeding, made on Feb. 3, 1938.

The order to show cause is supported by two affidavits verified, respectively, by an attorney associated with the attorneys for the petitioners, and Martin F. Shea, its vice president. In the concluding paragraph of the attorney's affidavit, he submits, and requests, as alternative relief, that the respondents "cease the prosecution of such action."

From the moving papers, it appears that prior to March 13, 1935, Burns Bros. had, for many years, occupied, and claimed title to, premises at 106th Street and East River, Borough of Manhattan, New York City. On that date, by virtue of proceedings brought by the City of New York, in eminent domain (in connection with the opening of the East River Drive), title to such property vested in the City of New York.

On or about June 30, 1937, an award was made in such condemnation proceedings to unknown owners. (The records in that proceeding have not been made available to the court on this motion.)

Meanwhile, on May 24, 1935, Burns Bros. filed its petition in this court (Clerk's file No. 62409) for relief as a debtor under Sec. 77B of the Bankruptcy Act, Title 11 U.S.C.A. Sec. 207, now Chapter 10, § 501 et seq. The order of approval, entered on that date, contained the usual provision for filing claims and the manner of giving notice, and barring any persons in interest, failing so to do, from participating in any plan of reorganization.

Such proceedings were thereafter had that a plan of reorganization was approved on Feb. 11, 1936. On Feb. 3, 1938, the final order was entered terminating this proceeding which determined that the debtor had in all respects complied with the plan of reorganization and the orders of this court relating thereto; discharging the debtor of all its debts, claims, liability and obligations of whatsoever kind and character,

and perpetually enjoined: "all creditors and stockholders of, and claimants of any character against the debtor * * * from prosecuting any claim, suit or any proceeding of any nature arising out of or based on any obligation of or claim against or interest in the Debtor, * * * or against any property or assets of any character heretofore owned or controlled by the Debtor, or dealt with in the Plan of Reorganization," and declared the case closed.

I do not find any reference to the property in question in the schedules filed by the debtor, although property located at 101st Street and East River is scheduled therein.

The action brought in the New York Supreme Court was commenced on March 13, 1941. Burns Bros. interposed an answer on Oct. 6, 1941. A certified copy of the final order dated Feb. 3, 1938, was served upon the plaintiffs in that action on January 5, 1943.

Attached to the moving papers is a copy of the pleadings in the State Court action. In the complaint it is alleged that in or about 1906, one Victor Klingenbeck acquired the fee simple ownership of the property in question and that plaintiffs, and one Charles Klingenbeck, acquired an undivided title, as tenants in common, in said tract of land, bulkhead and bulkhead rights, on March 24, 1907, by descent, from Victor Klingenbeck, as his heirs at law and continued as the fee simple owners of the same, as tenants in common, until March 13, 1935, when title was taken by the City of New York.

It is alleged in the answering affidavit (and is not controverted) that:

1. The claim of Burns Bros. with respect to the title to and the award for the property at 106th Street and East River was challenged and in May, 1936, a decision was rendered by Mr. Justice McLaughlin in the condemnation proceedings, in which he determined that title to the challenged parcels and appurtenant bulkhead and bulkhead rights did not vest in Burns Bros. Matter of City of New York, 159 Misc. 741, 289 N.Y.S. 433.

2. Thereafter, on Nov. 29, 1937, a petition was filed in the condemnation proceedings on behalf of the claimants (plaintiffs in the State Court action) for an order directing the Comptroller of the City of New York to pay to them that portion of the award as it might appear they were entitled to receive.

3. Burns Bros. interposed an answer to that petition and laid claim to the condemnation award upon the basis of an affirmative defense predicated upon the alleged adverse possession of the property for more than 20 years.

4. The answer of Burns Bros. verified by Martin F. Shea, on Jan. 7, 1938, contains the following paragraphs:

"VIII. That since the delivery to and the recording of deed to the premises more particularly described in paragraph hereof numbered 'VII', said Burns Bros. have been in exclusive, peaceable, continuous and undisturbed possession of said premises for over twenty years prior to the time title vested in the City, in the above-entitled proceeding. That the title of Burns Bros. to the said premises, has never been disputed, questioned or rejected, nor has it sold, assigned, conveyed or contracted to sell, assign or convey, or in any manner transfer the said premises, or the said award made therefor.

"IX. That the said premises, more particularly described in paragraph hereof marked 'VII', are free and clear of all mortgages, leases or other incumbrances, as of the time title, in the above-entitled proceeding, vested in the City of New York.

"X. That there are no actions pending against petitioner or affecting said premises, nor are there any judgments against it in any Court of record of this State or of the United States, or in any Court of competent jurisdiction, which are unpaid or unsatisfied of record; that it never made any assignment for the benefit of creditors and that proceedings in bankruptcy, voluntary or involuntary have never been commenced by or against it."

5. The issues thus raised came on for hearing in the State Court and from a determination adverse to it, Burns Bros. appealed to the Appellate Division of the Supreme Court, First Department, which, on June 19, 1940, unanimously affirmed the court below, without opinion (Matter of Application of Charles Klingenbeck and others for payment of an award made for Parcels Nos. 50 and 51 of the Damage Map, and in the Final Decree of the Supreme Court, as to Damage and Benefit, etc., Burns Bros. and others, Appellants; The City of New York and Charles Klingenbeck

and others, Respondents) 259 App.Div. 1007, 21 N.Y.S.2d 509. Burns Bros. thereupon applied for leave to appeal to the Court of Appeals, which was denied Oct. 2, 1940. Matter of the City of New York (East River Drive) 284 N.Y. 818.

On Jan. 6th, 1943, Burns Bros. made a motion in the State Court action to amend its answer in order to plead as a bar thereto, the decree of reorganization in this proceeding. In granting that application on Jan. 29, 1943, Mr. Justice Walter said: "The court, of course, does not pass upon the sufficiency of the defense sought to be pleaded."

Thereafter Burns Bros. moved for summary judgment dismissing the complaint "on the ground that the cause of action set forth in the complaint against the defendant Burns Bros. was duly and regularly discharged by a final decree of the United States Court."

This motion also came on before Mr. Justice Walter, who, in denying the same, said: "The statements in the moving papers, taken in connection with statements made upon the oral argument, make it at least inferable that with knowledge of the plaintiffs' alleged rights and also with knowledge that plaintiffs or their ancestor were without knowledge of any pending reorganization proceeding, defendant prosecuted and concluded its reorganization proceeding without in any way notifying plaintiffs or their ancestor of such proceeding, or in any way providing for their claim. Under such circumstances the question whether the final decree in such a proceeding bars the claim here asserted should not be disposed of summarily. It should be decided after a full presentation of the facts upon a trial."

The issue here presented is a very narrow one. The claim asserted by the plaintiffs in the State Court action is for use and occupation of the premises in question prior to the institution of the reorganization proceeding.

Assuming, but not deciding, that plaintiffs, or their predecessor in title, had knowledge of the existence of this reorganization proceeding, or were even put on such notice that a reasonably prudent and cautious person would have thereby discovered its existence, this court would not subject them to punishment for contempt of court unless it appeared that their conduct was willful, and there is nothing in the record from which this court can make any such determination. On the other hand, it is significant that this motion was not made until two years after the commencement of the State Court action and after Burns Bros., the defendant therein, has practically exhausted its efforts to obtain a determination short of an actual trial.

The motion to punish for contempt of court will be denied. I agree with Mr. Justice Walter there should be a full presentation of the facts upon a trial which may be more expeditiously had in the action now pending. Settle order.